IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOUGLAS SHUKERS and                                                                    PLAINTIFFS
DEBORAH SHUKERS

vs.                                          Civil No. 1:13-cv-01002

TRIUMPH AEROSTRUCTURES, LLC
*doing business as*
TRIUMPH AEROSTRUCTURES VOUGHT
COMMERCIAL DIVISION                                                                    DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim as to Absolute Liability. ECF No. 7. Defendant filed this Motion on March 4, 2013. *Id.* Plaintiffs responded on April 5, 2013. ECF No. 14. Defendant has replied, and Plaintiffs have filed a sur-reply. ECF Nos. 17, 19.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, and consistent with the following reasoning, the Court recommends Defendant's Motion to Dismiss be **DENIED**, and Arkansas law be applied on the issue of absolute liability for ultrahazardous activities.

**I.     Background[1]:**

This Motion presents a choice of law issue. The Court must decide whether Texas or Arkansas law applies on the issue of liability for ultrahazardous activities. Texas law prohibits strict

---

[1] The "Background" is taken primarily from Plaintiffs' Complaint, and the facts contained within the Complaint are presumed to be true. *See Schmidt v. Des Moines Public Schools,* 655 F.3d 811, 815 (8th Cir. 2011).

or absolute liability for ultrahazardous activities, *see, e.g., Turner v. Big Lake Oil Co.,* 96 S.W.2d 221, 223 (Tex. 1936), while Arkansas law does not. Considering this question, the Court will first address the facts in this case.

Plaintiffs filed this action on January 3, 2013. ECF No. 1. Plaintiffs are residents of Arkansas. ECF No. 1 ¶¶ 1-2. Plaintiffs are also domiciled in Arkansas. ECF No. 1 ¶¶ 1-2. Plaintiff Douglas Shukers was employed at the time of the injury that is at issue in this lawsuit by Frank Thompson Transport, an Arkansas company with its principal place of business in El Dorado, Arkansas. ECF No. 1 ¶¶ 11-12. Defendant is a Delaware company with its principal place of business in Pennsylvania. ECF No. 1 ¶ 3. Although Defendant's principal place of business is outside Arkansas, it is authorized to and does conduct business in Arkansas. ECF No. 1 ¶¶ 8-9.

On or about January 21, 2011, Mr. Shukers's Arkansas employer entered into a contract wherein it agreed to transport sulfuric acid to be delivered to Defendant. ECF No. 1 ¶ 11. The agreement was to transport this sulfuric acid from Shreveport, Louisiana to Dallas, Texas. ECF No. 1 ¶ 11. Mr. Shukers was injured while unloading the sulfuric acid into Defendant's storage tanks. ECF No. 1 ¶¶ 11-20. This accident occurred in Dallas, Texas. ECF No. 1 ¶ 11. Plaintiffs allege Defendant was negligent in maintaining the sulfuric acid tanks in Dallas, Texas. ECF No. 1 ¶¶ 13-20.

Mr. Shukers's Arkansas employer, Frank Thompson Transport, provided workers' compensation coverage through the Arkansas Trucking Association Self Insurers Fund, an Arkansas workers' compensation insurance provider in Little Rock, Arkansas. ECF No. 14-2; ECF No. 14-3. The Arkansas Trucking Association Self Insurers Fund was organized by the Arkansas Trucking Association, Inc. in Little Rock, Arkansas. ECF No. 14-3. Following his injury, Mr. Shukers filed

for workers compensation in Arkansas, and his claim is pending before the Arkansas Workers' Compensation Commission. ECF No. 14-4.

On March 4, 2013, Defendant filed the current Motion to Dismiss for Failure to State a Claim as to Absolute Liability. ECF No. 7. With this Motion, Defendant raises one narrow issue: should Texas or Arkansas law on liability for ultrahazardous activity be applied in this action? *Id.* Defendant claims Texas law on this issue should be applied. ECF No. 7. As such, Defendant claims Plaintiffs' absolute liability claim should be dismissed because "Texas courts have consistently rejected the application of Absolute Liability." *Id.* ¶ 1. In response, Plaintiffs argue Arkansas law on this issue should be applied. ECF No. 14. The Court will now consider the applicable law and determine whether Arkansas or Texas law should be applied on this issue.

**II.     Applicable Law:**

Because this is a federal diversity case, Arkansas choice of law rules apply. *See H&R Block Tax Services LLC v. Franklin,* 691 F.3d 941, 943 (8th Cir. 2012) ("Federal courts sitting in diversity apply the choice-of-law rules of the forum state") (internal citation omitted).

Arkansas has adopted a five-factor approach to resolving choice of law questions. *See Schubert v. Target Stores, Inc.,* 360 Ark. 404, 408-09, 201 S.W.3d 917 (2005). These five factors are Dr. Robert A. Leflar's[2] five "choice influencing factors": (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *Id.*

---

[2] Dr. Robert A. Leflar was a leading scholar and highly distinguished professor at the University of Arkansas School of Law and set out the five factors in the his treatise, Robert A. Leflar et al., *American Conflicts of Law* (4th ed. 1986) and in several law review articles. *See, e.g.,* Robert A. Leflar, *Choice-Influencing Considerations in Conflicts Law,* 41 N.Y.U. L. Rev. 267 (1966).

These factors should be considered instead of mechanically applying the *lex loci delicti* rule which directs application of the "law of the state where the accident occurred."[3] *Schubert,* 201 SW.3d at 922. *See also Miller v. Pilgrim's Pride Corp.,* 366 F.3d 672, 674 (8th Cir. 2004) (holding in an Arkansas tort case, a federal court "must consider the *lex loci delicti* rule within the framework of the five Leflar factors"). Consistent with the holding of the Arkansas Supreme Court, the Western District of Arkansas has also rejected the rigid application of *lex loci delicti* in favor of the Leflar factors. *See Lee v. Overbey,* 2:08-cv-02115, ECF No. 92, at *6-7 (W.D. Ark. July 31, 2009) (Honorable U.S. District Judge Robert T. Dawson) (declining to apply Texas law even though the accident occurred in Texas). *See also Bourgeois v. Vanderbilt,* 639 F. Supp. 2d 958, 964 (W.D. Ark. 2009) (Honorable U.S. District Judge Harry F. Barnes) (declining to apply Arkansas law even though the accident occurred in Arkansas).

**III.   Discussion:**

Consistent with Arkansas law, the Court will consider each of the five Leflar factors to determine whether Texas or Arkansas law should apply on the issue of absolute liability for ultrahazardous activities.

   **1.   Predictability of Results**

This first factor, predictability of results, "includes the . . . ideal that the decision in litigation on a given set of facts should be the same regardless of where the litigation occurs, so that forum-shopping will benefit neither party." *Lane v. Celadon Trucking, Inc.,* 543 F.3d 1005, 1010-11 (8th Cir. 2008) (internal citation omitted).

---

[3] Indeed, in *Schubert,* after considering these five factors, the Arkansas Supreme Court applied the law of Arkansas even though the accident occurred in Louisiana.

Thus, predictability of results should be considered primarily to minimize forum-shopping. As an initial matter, however, the present action is a tort action which by its very nature was accidental and an unpredictable event. *See Hughes v. Wal-Mart Stores, Inc.,* 250 F.3d 618, 620 (8th Cir. 2001) (holding "[t]he predictability of results is not implicated when an action arises out of an accident"). Further, where the relevant law is substantially different–such as it is in the present action–it may be impossible to avoid forum-shopping. *See Bourgeois,* 639 F. Supp. 2d at 963 (holding a "uniform decision in cases such as the present may not be possible given the non-uniformity of the states' laws in this area").

Nevertheless, while an accident may be unpredictable and state laws may not be uniform, predictability can still be considered from the parties' different perspectives. For Plaintiffs, in light of the fact Mr. Shukers is employed by an Arkansas employer and Mr. Shukers has an Arkansas workers' compensation claim, predictability and the application of Arkansas law is very important. Notably, the Eighth Circuit has found predictability is especially important to a "self-insured company" who "has a nationwide network of truck drivers" because if the "worker's compensation subrogation rights in every case were determined by the place of the accident, the results would be highly unpredictable." *Lane,* 543 F.3d at 1010-11. While the "self-insured company" at issue in *Lane* was actually a party to the litigation, and Mr. Shukers's employer is not a party to this case, *Lane* still provides guidance to the Court on the issue of predictability from Plaintiffs' perspective.

From Defendant's perspective, predictability and the application of Texas law is also very important. Defendant's tanks are in Dallas, Texas. ECF No. 1 ¶ 11. The accident at issue in this case occur in Texas, and the alleged negligent maintenance of the sulfuric acid tanks also occurred in Texas. ECF No. 1 ¶¶ 13-20. Defendant has an interest in predictability in the law applied against

it in any action related to these tanks. This is especially true since the law in Texas as to ultrahazardous activities is favorable to Defendant. Accordingly, the Court finds predictability of results favors both the application of Arkansas law and the application of Texas law, and this factor does not direct that either state law apply over the other.

### 2. Maintenance of Interstate and International Order

The second factor applies when the "forum state has little or no contact with a case and nearly all of the significant contacts are with another state." *Lane,* 543 F.3d at 1011. This factor should be applied to give "deference to a sister state law in situations in which the sister state's substantial concern with a problem gives it a real interest in having its law applied." *Gomez v. ITT Educ. Services, Inc.,* 348 Ark. 69, 78, 71 S.W.3d 542 (2002) (*citing* Robert A. Leflar, *American Conflicts Law* § 104, at 208 (3rd ed. 1977)). Thus, based upon this standard, it is first important to consider the contacts of the forum state, Arkansas, and then consider the contacts of the state where the accident occurred, Texas.

First, in the present action, Arkansas has significant contacts with this case. Both Plaintiffs are residents of Arkansas and are domiciled in Arkansas, Mr. Shukers was employed at the time of his injury by an Arkansas company with its principal place of business in Arkansas, the contract to transport the sulfuric acid was entered into with this Arkansas company, and workers' compensation insurance coverage was provided by an Arkansas workers' compensation insurance provider. Thus, Arkansas has "significant contacts" with this action, and it cannot be said that Arkansas as the forum state has "little or no contact" with this case.

Disputing Plaintiffs' claim that Arkansas has significant contacts, Defendant argues the only contact Arkansas has with this lawsuit is Plaintiffs' residency. ECF No. 17 at 3-4 (argument entitled

6

"Arkansas' only connection to this litigation is Plaintiffs' residence"). Relying on *Ray v. American Airlines, Inc.,* 5:08-cv-05025, ECF No. 111, at *6-7 (W.D. Ark. April 2, 2009) (Honorable Judge Robert T. Dawson), Defendant argues this contact is not sufficient to support the application of Arkansas law. The Court agrees with the statement in *Ray,* that residency alone is not sufficient under conflict of laws rules to support the application of Arkansas law. However, in this case, Plaintiffs' residency is not the only contact with Arkansas. As noted above, Mr. Shukers was employed at the time of his injury by an Arkansas company with its principal place of business in Arkansas, the contract to transport the sulfuric acid was entered into with this Arkansas company, and workers' compensation insurance coverage was provided by an Arkansas workers' compensation insurance provider. Thus, the facts in *Ray* are distinguishable.

Second, Texas also has connections with this lawsuit, but they are not so extensive to warrant application of Texas law over Arkansas law. Apart from the accident at issue and the maintenance of the sulfuric acid tanks in Dallas, Texas has no contacts with this case. Notably, Defendant's principal place of business is not even in Texas but is in Pennsylvania. ECF No. 1 ¶ 3. Thus, the Court finds this factor does not favor the application of Texas law over Arkansas law.

  **3. Simplification of the Judicial Task**

The third factor–simplification of judicial task– is not a "paramount consideration" because "the law at issue does not exist for the convenience of the court that administers it, but for society and its members." *Schubert,* 201 S.W.3d at 922.

The Court finds this factor is neutral and does not necessarily favor the application of either Texas or Arkansas law. *See Hughes,* 250 F.3d at 620 (holding "the judicial task is not simplified by either state's law. A federal district court is faced almost daily with the task of applying some state's

law other than that of the forum state, and it is equally capable of resolving the dispute under Louisiana or Arkansas law").

### 4. Advancement of the Forum's Governmental Interests

With the fourth factor, this Court should examine the Arkansas contacts to decide the interests of Arkansas as the forum state. *See Schubert,* 201 S.W.3d at 923. As noted above, Arkansas does have "significant contacts" with this case. Importantly, in addition to the other contacts, Mr. Shukers is an Arkansas resident and Arkansas employee who was allegedly injured due to Defendant's failure to maintain its tanks. As stated in *Schubert*, "Arkansas has a real interest in protecting its people from negligent behavior and in protecting Arkansas employees." *Id.* Accordingly, consistent with *Schubert*, the Court finds Arkansas's interest in applying its law is substantial.

As for Texas, the Eighth Circuit has ruled the "state where an accident occurs does not have a strong interest in providing compensation to an injured nonresident." *Hughes,* 250 F.3d at 621 (*citing Kenna v. So-Fro Fabrics, Inc.,* 18 F.3d 623, 627 (8th Cir. 1994)). Accordingly, while Arkansas as the forum state has a substantial interest in applying its law, Texas does not have strong interest in compensating injured nonresidents, including Plaintiffs in this case. Based upon these facts, the Court finds this factor favors the application of Arkansas law over Texas law.

### 5. Application of the Better Rule of Law

The final factor, application of the better rule of law, "does not reflect a subjective judicial preference for one state's more or less elegant law, but is aimed at avoiding the application of unfair or archaic laws." *Miller,* 366 F.3d at 675.

In the present action, the law in dispute relates to ultrahazardous activities. ECF No. 7. The

law in Texas does not allow Plaintiffs to seek recovery on an absolute or strict liability theory for ultrahazardous activities, but Arkansas law does.  The Court cannot find that the Arkansas law is better simply because it provides Plaintiffs a remedy while the Texas law does not.  *See Bourgeois,* 639 F. Supp. 2d at 964.  Accordingly, the Court also finds this factor is neutral and does not favor the application of either Texas or Arkansas law.

### IV.     Conclusion:

Based the consideration of the Leflar factors and consistent with Arkansas choice of law rules, the Court recommends the application of Arkansas law on the issue of absolute liability for ultrahazardous activities.  Accordingly, based upon this finding, the Court recommends Defendant's Motion to Dismiss (ECF No. 7) be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 12th day of November 2013.

                                                   /s/   Barry A. Bryant
                                                   HON. BARRY A. BRYANT
                                                   U.S. MAGISTRATE