IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOUGLAS SHUKERS and
DEBORAH SHUKERS                                                          PLAINTIFFS


V.                              CASE NO. 13-CV-1002


TRIUMPH AEROSTRUCTURES, LLC
*also doing business as*
TRIUMPH AEROSTRUCTURES VOUGHT
COMMERCIAL DIVISION                                                       DEFENDANT

## ORDER

Before the Court is the Report and Recommendation (R&R) filed November 12, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 23. Judge Bryant recommends that Defendant's Motion to Dismiss (ECF No. 7) be denied. Defendant has responded with timely objections ECF No. 24. Plaintiffs have filed a response to the objections. ECF No. 26. Defendant has filed a reply. ECF No. 28. Plaintiff has filed a sur-reply. ECF No. 29. The Court finds that this matter is ripe for its consideration.

The R&R details the factual history of Plaintiff's claims and this Court will not repeat that full history here. In brief, Plaintiff was hired to transport sulfuric acid from Shreveport, Louisiana, to Dallas, Texas.[1] Plaintiff was injured while unloading the sulfuric acid into Defendant's storage tanks in Dallas.[2] Plaintiff alleges that Defendant was negligent in maintaining the sulfuric acid tanks. Defendant's Motion to Dismiss presents a choice of law issue: whether Texas or Arkansas law

---

[1] Plaintiff was an employee of Frank Thompson Transport, which is an Arkansas company with its principal place of business in El Dorado, Arkansas.

[2] Defendant is a Delaware company with its principal place of business in Pennsylvania. Defendant, however, is authorized and does conduct business in Arkansas.

applies to the issue of liability for ultrahazardous activities. Texas law prohibits strict liability or absolute liability for ultrahazardous activities, while Arkansas law does not.

The R&R recommends that the Court apply Arkansas law to the issue of absolute liability for ultrahazardous activities. Judge Bryant came to this conclusion after thoroughly considering each of the five Leflar "choice influencing factors": (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *See Schubert v. Target Stores, Inc.*, 360 Ark. 404, 408-409, 201 S.W.3d 917 (2005). Specifically, Judge Bryant determined that Arkansas has a substantial interest in providing a legal forum and redress for its citizens who are injured by negligent behavior. Judge Bryant carefully analyzed the relationships that both Texas and Arkansas maintain with the case and concluded that, despite the place of injury, the Leflar factors point to Arkansas law.

Defendant disagrees with Judge Bryant's analysis of each Leflar factor. Judge Bryant considered Defendant's arguments regarding each of the factors, and his analysis in the R&R was well-reasoned and carefully considered. The Court has reviewed Defendant's arguments regarding the Leflar factors; however, the Court agrees with Judge Bryant's analysis, which is supported by controlling and guiding precedent. Therefore, the Court will not address each specific objection regarding the Leflar factors. Generally, after considering the Leflar factors as a whole, the Court agrees with Judge Bryant that the location of the accident is insufficient to overcome Arkansas's strong ties to the case or its substantial interest in "protecting its people from negligent behavior." *Id*. at 411. Thus, Defendant's objections to Judge Bryant's analysis of each Leflar factor are denied.

Defendant also argues that Judge Bryant erred when he recommended that Arkansas law apply to Plaintiffs' absolute liability claim. Defendant asserts that, even if Plaintiffs did state an

-3-

absolute liability claim, Judge Bryant should have just simply denied the Motion to Dismiss without recommending which state's law should apply. According to Defendant, it would be premature to resolve the choice of law issue at this stage in the litigation.[3] Defendant requests that the Court allow it to renew its choice-of-law argument at a later stage in this case. Defendant, however, invited the Court to decide the choice-of-law issue when it filed its Motion to Dismiss. The Motion to Dismiss hinged on the choice of law dispute and resolution of the motion required the Court to determine the controlling law. Moreover, Defendant did not argue in its motion that Plaintiffs' absolute liability is subject to dismissal under *Twombley's* plausibility standard. Instead, Defendant raised a choice of law issue. Accordingly, the Court overrules Defendant's objection that deciding the choice of law issue at this stage in the litigation is premature.

Based on its de novo review and the arguments of the parties, the Court overrules Defendant's objections and adopts the Report and Recommendation *in toto*. ECF No. 23. Defendant's Motion to Dismiss (ECF No. 7) is DENIED.

**IT IS SO ORDERED**, this 31st day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] Judge Bryant did not consider this argument because Defendants did not raise it before him.